**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| LIFE LEARNING COUNSELING PLLC and ANEW U COUNSELING SERVICES PLLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITEDHEALTH GROUP INCORPORATED, UNITED HEALTHCARE SERVICES, INC., OPTUM INSIGHT, CHANGE HEALTHCARE INC., CHANGE HEALTHCARE OPERATIONS, LLC, CHANGE HEALTHCARE SOLUTIONS, LLC, CHANGE HEALTHCARE HOLDINGS, INC., CHANGE HEALTHCARE TECHNOLOGIES, LLC, CHANGE HEALTHCARE PHARMACY SOLUTIONS, INC., OPTUM, INC., OPTUM FINANCIAL, INC. OPTUM BANK, and OPTUM PAY, <br><br> *Defendants*. | REMOVED FROM SUPERIOR COURT OF NORTH CAROLINA, MECKLENBURG COUNTY CASE NO. 26CV013021-590 <br><br><br> Civil Action No. 3:26-cv-297 |

## <u>NOTICE OF REMOVAL</u>

Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, Inc., and Optum Pay ("Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and remove this action from the Superior Court of North Carolina, Mecklenburg County, to the United States District Court for the Western District of North Carolina. As its reasons for removal, Defendants state:

1

## BACKGROUND

1.      By Summons and Complaint, Plaintiffs Life Learning Counseling PLLC and Anew U Counseling Services PLLC ("Plaintiffs") commenced a civil action against Defendants in the Superior Court of North Carolina, Mecklenburg County, titled *Life Learning Counseling PLLC et al. v. UnitedHealth Group Incorporated et al.*, Case No. 26CV013021-590, filed on March 4, 2026 (the "State Court Action"). A true and accurate copy of the Summons and Complaint that Plaintiffs caused to be served upon Defendants and a copy of the waiver of service are attached as **Exhibit 1** and constitutes all processes, pleadings, and orders served upon Defendants in this action to the present date. 28 U.S.C. § 1446(a).[1]

2.      Defendants waived service of the Summons and Complaint in the State Court Action on April 15, 2026. The instant Notice of Removal is being filed within thirty (30) days of the service date. 28 U.S.C. § 1446(b).

3.      Attached as **Exhibit 2** is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the State Court. 28 U.S.C. § 1446(d).

## DIVERSITY JURISDICTION

4.      This Court has diversity jurisdiction over the Complaint, pursuant to 28 U.S.C. § 1332, under both "traditional" diversity (28 U.S.C. § 1332(a)) and diversity under the Class Action Fairness Act (28 U.S.C. § 1332(d)).

---

[1] The Complaint relates to a cyberattack suffered by Defendants on or about February 21, 2024. Over 150 cases have been brought against Defendants and Defendants' parent companies in connection with the same cyberattack. On June 7, 2024, the Judicial Panel for Multistate Litigation (JPML) instituted a Multi-District Litigation in the District of Minnesota to centralize cases arising from the cyberattack for pre-trial proceedings: *In Re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, No. 0:24-md-03108-DWF-DJF (D. Minn.). Defendants are filing, contemporaneously with this Notice of Removal, a Notice of Potential Tagalong with the JPML to consider whether this case should be consolidated as part of the MDL for pre-trial proceedings.

2

**28 U.S.C. § 1332(a)**

5.      The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

6.      Plaintiff Life Learning Counseling PLCC ("Life") alleges it is "a mental health counseling practice located in Cary, North Carolina and registered in Raleigh, North Carolina." Compl. ¶ 269. Plaintiff Life is a domestic professional limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011). According to the North Carolina Secretary of State's Office, Plaintiff Life was formed on October 30, 2019 and has a registered office address in Raleigh, North Carolina. Additionally, Counsel for Plaintiff Life has stated and represented to Defendants' Counsel that for diversity purposes, Plaintiff Life and all of its members are citizens of North Carolina. Accordingly, Plaintiff Life is a citizen of North Carolina.

7.      Plaintiff Anew U Counseling Services, PLLC ("Anew") alleges it is "a therapy and counseling services practice registered in North Carolina and South Carolina," with its principal place of business located in Raleigh, North Carolina. Compl. ¶ 275. Plaintiff Anew is a domestic professional limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members. *See Cent. W. Va. Energy Co.,* 636 F.3d at 103. According to the North Carolina Secretary of State's Office, Plaintiff Anew was formed on October 25, 2018 and has a principal office address in Raleigh, North Carolina. In addition, Plaintiff Anew's Counsel has stated and represented to Defendants' Counsel that for diversity purposes, Plaintiff Anew and

all of its members are citizens of North Carolina. Accordingly, Plaintiff Anew is a citizen of North Carolina.

8. Defendant UnitedHealth Group Incorporated is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant UnitedHealth Group Incorporated is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

9. Defendant United HealthCare Services, Inc. is a corporation formed under the laws of Minnesota and its principal place of business is in Minnesota. Accordingly, Defendant United HealthCare Services, Inc. is a citizen of Minnesota for purposes of diversity jurisdiction.

10. Defendant Change Healthcare Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

11. Defendant Change Healthcare Holdings, Inc. is a corporation formed under the laws of Delaware and its principal place of business in Minnesota. Accordingly, Defendant Change Healthcare Holdings, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

12. Defendant Change Healthcare Pharmacy Solutions, Inc. is a corporation formed under the laws of Maine and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Pharmacy Solutions, Inc. is a citizen of Maine and Minnesota for purposes of diversity jurisdiction.

13. Defendant Optum, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

4

14. Defendant OptumInsight, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant OptumInsight, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

15. Defendant Optum Financial, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum Financial, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

16. Defendant Optum Bank, Inc. is a corporation formed under the laws of Utah and its principal place of business is in Utah. Accordingly, Defendant Optum Bank, Inc. is a citizen of Utah for purposes of diversity jurisdiction.

17. Defendant Change Healthcare Operations, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by its members. *See Cent. W. Va. Energy Co.,* 636 F.3d at 103. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the state of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Operations, LLC is a citizen of Delaware and Minnesota for diversity purposes.

18. Defendant Change Healthcare Solutions, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Solutions, LLC is Change Healthcare Operations, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the state of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Solutions, LLC is a citizen of Delaware and Minnesota for diversity purposes.

5

19. Defendant Change Healthcare Technologies, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Technologies, LLC is Change Healthcare Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Holdings, LLC is Change Healthcare Intermediate Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Intermediate Holdings, LLC is Change Healthcare LLC, a Delaware limited-liability company. The sole member of Change Healthcare LLC is Change Healthcare Holdco Inc. Change Healthcare Holdco Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Technologies, LLC is a citizen of Delaware and Minnesota for diversity purposes.

20. Defendant Optum Pay is not a legal entity, and its citizenship has no impact on diversity jurisdiction. Plaintiff admits Optum Pay is not a legal entity. *See* Compl. ¶ 28; *see also* Mem. Op. and Order, *In Re: Change Healthcare, Inc. Customer Data Sec. Breach Litig.*, No. 0:24-md-03108 (D. Minn.), Dkt. 483 at 14 n.9 ("Optum Pay is not a legal entity and therefore cannot be sued").

21. Because Plaintiffs are citizens of North Carolina and Defendants are citizens of Delaware, Maine, Minnesota, and Utah, complete diversity exists between Plaintiffs and Defendants.

22. Although the Complaint does not specify the precise amount of damages sought, the preponderance of the evidence shows that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2). The Complaint alleges "Plaintiff Life Learning Counseling PLLC received an advance of $37,610 to be paid back when Plaintiff Life Learning Counseling PLLC's medical claim payments that were impacted because of the Service Shutdown were processed (i.e., all payments were in the process of being paid)," Compl. ¶ 273, and "Plaintiff Anew was forced to

6

take out an emergency loan of approximately $80,000 with an interest rate of 11% to meet payroll and pay other basic business expenses," *id.*, ¶ 279. Plaintiff Life allegedly was unable to submit claims and receive payment for its medical care to patients. *Id.* ¶ 271. Plaintiff Anew allegedly suffered monetary losses through delayed payments for medical care and spent significant time and resources investigating the network outage and alternative methods to receive payment for medical care. *Id.* ¶ 278. Additionally, Plaintiffs claim treble and/or punitive or exemplary damages. *Id.* at p. 89, Request for Relief.

23.     Therefore, Defendants assert in good faith that the amount in controversy exceeds $75,000 in value. *See* 28 U.S.C. § 1446(c)(2).

**28 U.S.C. § 1332(d)**

24.     This Court also has jurisdiction over the Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the Complaint is a class action, at least one member of the class (Plaintiff) is a citizen of a state different from Defendants, Defendants are not a State, State official, or other governmental entity, the number of members of the proposed plaintiff class is not less than 100, and the amount in controversy exceeds the sum or value of $5,000,000.

25.     As stated above, Plaintiffs have represented they are citizens of North Carolina, while Defendants are citizens of Delaware, Minnesota, Utah, and Maine. Thus, at least minimum diversity exists.

26.     The Complaint alleges that Defendants' Change Platform "is connected to more than 800,000 providers" and "involved in one in every three patient records." Compl ¶ 285. Since Plaintiffs seek to represent a nationwide class of providers, Compl. ¶ 281, the number of members of the proposed class is greater than 100.

27. Furthermore, the amount in controversy is more than $5,000,000. The Complaint alleges that "Providers did not timely receive billions of dollars in earned reimbursements." Compl. ¶ 5. Since Plaintiff seeks to represent a nationwide class of providers, the amount in controversy exceeds $5,000,000.

28. Because the requirements for diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332(a) and (d). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

29. All Defendants join in to the removal of this action to the United States District Court for the Western District of North Carolina.

## RESERVATIONS OF RIGHTS AND DEFENSES

30. Defendants reserve any and all defenses, including, but not limited to, those under Federal Rule of Civil Procedure 12, and do not waive said defenses by the filing of the Notice of Removal.

31. Defendants do not admit any of the allegations in Plaintiffs' Complaint, and do not concede that Plaintiffs are entitled to any relief.

32. Defendants reserve the right to amend or supplement the Notice of Removal as necessary.

## REMOVAL TO THIS DISTRICT IS PROPER

33. This Notice of Removal is being filed in the Western District of North Carolina, Charlotte Division, the District Court of the United States for the district and division within which the State Court Action is pending. 28 U.S.C. § 113(c); 28 U.S.C. §§ 1441(a), 1446(a).

8

34.     WHEREFORE, Defendants respectfully request that the State Court Action be removed and proceed in the United States District Court for the Western District of North Carolina.


Dated: April 16, 2026

Respectfully submitted,

*/s/ Jonathan E. Schulz*
Jonathan E. Schulz (NC Bar No. 47285)
Hanna E. Eickmeier (NC Bar No. 54927)
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6000
Facsimile: (704) 332-8858
jschulz@bradley.com
heickmeier@bradley.com

*Counsel for Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, Inc., and Optum Pay*

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document, which was filed with the Court through the

CM/ECF system, will be sent electronically to the following parties:

Jean S. Martin
AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32502
jmartin@awkolaw.com

David Berger
GIBBS LAW GROUP LLP
1111 Broadway, Suite 2100
Oakland, CA 94607
dmb@classlawgroup.com

Thomas A. Zimmerman, Jr.
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, IL 60602
tom@attorneyzim.com

Dated: April 16, 2026

*/s/ Jonathan E. Schulz*
Jonathan E. Schulz